O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONGINA PEREZ MONROY et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF RIVERSIDE et al., <br><br> Defendants. | Case No.: 5:21-cv-1278-MEMF-KK <br><br> **ORDER ON MOTIONS *IN LIMINE* [DKT. NOS. 102, 103, 104, 105, 106, 107, 108, 113]** |

Before the Court are four (4) Motions *in Limine* filed by Plaintiffs (Dkt. Nos. 105, 106, 107, 108) and four (4) Motions *in Limine* filed by Defendants (Dkt. Nos. 102, 103, 104, 113). For the reasons stated herein, the Court rules on the motions as described below.

**I. Background**

    **A. Factual Background**

On August 7, 2020, Plaintiffs' son was fatally shot by Riverside County Sheriff Department's Corporal Ruben Perez. Plaintiffs contend that Perez used excessive and unreasonable

deadly force and was negligent when he shot decedent. Plaintiffs subsequently filed suit against Defendants for civil rights violations.

### B. Procedural History

Plaintiffs filed their First Amended Complaint in this Court on November 21, 2021. Dkt. No. 28 ("FAC."). The FAC alleges civil rights violations against Defendants. The causes of action set forth in the FAC are: (1) unreasonable search and seizure; (2) deprivation of life without due process; (3) municipal liability for unconstitutional custom, practice or policy; (4) interference with parent-child relationship; (5) wrongful death; (6) assault and battery; (7) negligence; and (8) violation of Bane Civil Rights Act. *Id.*

Defendants filed their Motions *in Limine* on September 17, 2025 (Dkt. Nos. 102, 103, 104, 113). Plaintiffs also filed their Motions *in Limine* on September 17, 2025 (Dkt. Nos. 105, 106, 107, 108).

On October 22, 2025, Plaintiffs filed their oppositions to Defendants' Motions *in Limine* no. 1-3. Dkt. Nos. 119, 120, 121. Plaintiffs also filed a non-opposition to Defendants' Motion *in Limine* no. 4. Dkt. No. 122. Defendants filed oppositions to Plaintiffs' Motions *in Limine* on October 22, 2025. Dkt. Nos. 129, 130, 131, 132.

## II. **Applicable Law**

### A. Motions *in Limine*

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party files a motion *in limine* to exclude anticipated prejudicial evidence before the evidence is introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Id.* at 41 n.4 (citation omitted). Regardless of a court's initial decision on a motion *in limine*, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

### B. Federal Rules of Evidence 401 and 402

Federal Rule of Evidence 402 explicitly prohibits the inclusion of "irrelevant" evidence. Fed. R. Evid. 402. The Rule dictates that "[r]elevant evidence is admissible unless any of the following provides other: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Federal Rule of Evidence 401 prescribes what evidence qualifies as relevant. Fed. R. Evid. 401. It provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.* 401(a)–(b); *see also Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) ("Deciding whether a fact is of consequence in determining the action generally requires considering the substantive issues the case presents." (internal quotation marks omitted)). Courts have recognized that Rule 401's "basic standard of relevance . . . is a liberal one." *Crawford*, 944 F.3d at 1077.

### C. Federal Rule of Evidence 403

Federal Rule of Evidence 403 dictates that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts have broad discretion in assessing admissibility under Rule 403. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 US 379, 384 (2008) (finding "wide discretion" necessary because Rule 403 "requires an on–the–spot balancing of probative value and prejudice, potentially to exclude . . . evidence that already has been found to be factually relevant") (internal quotes omitted); *see also Hardeman v. Monsanto Co.*, 997 F.3d 941, 967 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2834 (2022) ("A district court's Rule 403 determination is subject to great deference, because the considerations arising under Rule 403 are susceptible only to case–by–case determinations, requiring examination of the surrounding facts, circumstances, and issues.").

### D. Federal Rules of Evidence 404

Federal Rule of Evidence 404 states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). Further, evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may be used for other purposes, including to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

### E. Federal Rules of Evidence 702

The personal knowledge requirement for lay witnesses does not apply to expert testimony. Fed. R. Evid. 602. Federal Rule of Evidence 702 allows a witness to testify as an expert "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." United States v. Alonso, 48 F.3d 1536, 1540 (9th Cir. 1995) (quoting Fed. R. Evid. 702). While Courts may reject wholly speculative or unfounded testimony, it abuses its discretion if it overlooks relevant data submitted as the foundation of an expert's remarks." Elosu v. Middlefork Ranch Inc., 26 F.4th 1017, 1025 (9th Cir. 2022). Experts may express opinions without published support if they provide an explanation of why such publications are unavailable. Primiano v. Cook, 598 F.3d 558, 567 (9th Cir. 2010). This concern regarding speculation speaks to weight, not reliability. Elosu, 26 F.4th at 1025.

### F. Federal Rules of Evidence 704

Federal Rule of Evidence 704(a) states an "opinion is not objectionable because it embraces an ultimate issue." Fed. R. Evid. 704(a). As such, FRE 704(a) allows opinion testimony that includes ultimate issues. FRE 704(b) is an exception to FRE 704(a) as it provides that an expert witness "must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b)

### G. Federal Rule of Civil Procedure 42

Under Federal Rule of Civil Procedure 42(b), the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims for convenience, to

1 avoid prejudice, or to expedite and economize. When ordering a separate trial, the court must
2 preserve any federal right to a jury trial. Fed. R. Civ. P. 42(b).

3 **III.     Discussion**

4      Defendant moves to exclude at trial: (1) testimony from Roger Clark; and (2) testimony from
5 John Gardiner. Dkt. Nos. 102, 104. Defendants further move to admit evidence of decedent's prior
6 bad acts. Dkt. No. 103. Defendants Motion *in Limine* no. 4 moves to bifurcate trial into two phases.
7 Dkt. No. 113.

8      Plaintiff moves to exclude at trial: (1) decedent's personal effects and a toxicology report; (2)
9 decedent's prior interaction with law enforcement; (3) photographs of Perez's bloody clothes and
10 hospital stay, awards, accolades, commendations, and workers' compensation leave; and (4)
11 testimony from Swathi Kode. Dkt. Nos. 105, 106, 107, 108.

12      The Court's rulings are set forth below. The parties are ORDERED to advise their witnesses
13 of these rulings. Should a witness be required to refer to excluded material in order to answer a
14 question truthfully, the witness should indicate that a sidebar is needed and should not refer to the
15 excluded material in the presence of the jury.

16      **A. Defendants' Motion *in Limine* No. 1 (Dkt. No. 102) is DENIED IN PART.**

17      Defendants move to exclude testimony from Roger Clark on the basis that Clark has
18 repeatedly engaged in misconduct as an expert witness in federal and state California courts.
19 Defendants also claim that Clark is unqualified to testify on certain matters due to a lack of expertise
20 or that such matters are for the jury to determine.

21      Upon consideration of the parties' moving briefs, the Court DENIES the Motion IN PART.
22 For the most part, the Court finds that the witness offered is a designated expert with appropriate
23 credentials. Defendants' arguments go towards factual disagreement, bias, and weight, but not his
24 actual qualifications or an absence of the basis for opinions.

25      First, Defendants point to no authority suggesting that this Court can exclude an expert under
26 the Rules of Evidence because the expert has engaged in misconduct.

27      Second, Clark has sufficient expertise in police practices, his statements regarding mental
28 illness merely rely on this Court's findings of fact, and his statements regarding reconstruction

merely rely on the conclusions of another expert. Should the other expert's testimony on these matters be admitted, Clark may draw his own conclusions based upon appropriately worded hypotheticals.

Third, it appears Clark has not stated the basis of his opinion that transport of the Corporal was improper. **This opinion will therefore be excluded.** The fact that there is support for this opinion elsewhere in the record is of no moment as the Defense was entitled to have Clark's opinions and their basis properly disclosed.

Fourth, the Defense arguments as to the errors in Clark's opinions merely go towards factual disagreement, bias, and weight, but not his actual qualifications or an absence of the basis for opinions.

Finally, Defendants argue that Clark's opinions are inadmissible legal conclusions or credibility determinations, but do not cite to those purported opinions, preventing this Court from ruling on this objection. Plaintiffs shall be mindful that Clark does not testify to any opinions that invade the province of the jury.

**B. Defendants' Motion *in Limine* No. 2 (Dkt. No. 104) is DENIED.**

Defendants move to exclude testimony from John Gardiner on the basis that Gardiner lacks expertise regarding officer-involved shooting reconstruction and his opinions lack evidentiary support as well as reliable methodology. They also seek to exclude certain autopsy photos as more prejudicial than probative.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion. The Court finds that the witness offered is a designated expert with appropriate credentials. Defendants' arguments go towards factual disagreement, bias, and weight, but not his actual qualifications or an absence of the basis for opinions. In addition, it appears that given the nature of Gardiner's testimony, it is fair for the jury to see the autopsy photos, particularly since the Coroner will also presumably testifying to the matters depicted. It also appears that the number of photos at issue is relatively small and therefore not more prejudicial than probative. As discussed at the Final Pretrial Conference, the expert report itself is likely inadmissible hearsay.

**C. Defendants' Motion *in Limine* No. 3 (Dkt. No. 103) is DENIED.**

Defendants move to admit evidence of decedent's prior bad acts. In particular, Defendants wish to admit decedent's two prior arrests and an incident where decedent was taken into custody under Welfare and Institutions Code section 5150. Defendants assert that these prior bad acts are admissible proof of decedent's motive, intent, or plan and is relevant to Plaintiffs' claims for damages.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion. The decedent's prior bad acts as well as his motive or plan—except to the extent that it was known to the officer—is irrelevant to the elements of the claim. Furthermore, his prior bad acts are irrelevant to the damages claim and Defendants have not explained how they are relevant, given the absence of evidence that these acts impacted the decedent's relationship with his family members. Finally, any limited probative value that this evidence has is far outweighed by the prejudice as it would suggest to the jury that the officer's actions could be justified by the decedent's history, it would invite the jury to speculate as to the state of mind of the decedent even though that was unknown to the officer, and would distract from the elements of the claim and damages request.

To be clear, Monroy's subjective "intent" is largely irrelevant to the claims at issue. This would also exclude much of the evidence concerning Monroy's mental illness. The parties are invited to meet and confer and reach a stipulation regarding a limited presentation on these two issues—Monroy's prior bad acts and Monroy's mental illness. Otherwise, both will remain excluded.

**D. Defendants' Motion *in Limine* No. 4 (Dkt. No. 113) is GRANTED.**

Defendant moves to bifurcate the trial into two phases: (1) liability, compensatory damages calculation, and factual foundation/predicate for punitive damages award; and (2) punitive damages calculation (if any). Plaintiffs do not oppose this request.

Upon consideration of the parties' moving briefs, the Court GRANTS the Motion as UNOPPOSED.

**E. Plaintiffs' Motion *in Limine* No. 1 (Dkt. No. 105) is GRANTED.**

Plaintiffs' move to exclude reference to decedent's personal effects found at the time of the incident and the toxicology report. Plaintiffs argue that decedent's personal effects may cause an inference that decedent was under the influence of drugs or alcohol. Plaintiffs contend that such inferences are unsupported by evidence and irrelevant to whether excessive force was used. Also, Plaintiffs claim that the toxicology report would be prejudicial as it could paint decedent in an unsavory light. Similarly, that Monroy may have had another screwdriver on him is also irrelevant as it was unknown to the officer and as discussed above, Monroy's subjective "intent" is irrelevant.

Upon consideration of the parties' moving briefs, the Court GRANTS the Motion. The evidence at issue is irrelevant as it was unknown to the officer, just as were the decedent's prior bad acts. Any limited probative value that this evidence has is far outweighed by the prejudice as it would suggest to the jury that the officer's actions could be justified by the decedent's use of drugs or alcohol, it would invite the jury to speculate as to the state of mind of the decedent even though that was unknown to the officer, and would distract from the elements of the claim and damages request. This does not prevent the percipient witnesses from describing what they observed, even if the way that they describe what they observed suggests that Monroy was under the influence – such as by using the term "tweaking out."

**F. Plaintiffs' Motion *in Limine* No. 2 (Dkt. No. 106) is GRANTED.**

Plaintiffs move to exclude reference to decedent's prior interactions with law enforcement on the basis that the interactions have no relevance to the instant matter and claims that they add insight to decedent's motive, intent, or plan is unsupported by law, speculative, and prejudicial.

Upon consideration of the parties' moving briefs, the Court GRANTS the Motion for the same reason it denies Defendants' Motion *in Limine* No. 3. To be clear, Monroy's subjective "intent" is largely irrelevant to the claims at issue. This would also exclude much of the evidence concerning Monroy's mental illness. The parties are invited to meet and confer and reach a stipulation regarding a limited presentation on these two issues—Monroy's prior bad acts and Monroy's mental illness. Otherwise, both will remain excluded.

**G. Plaintiffs' Motion *in Limine* No. 3 (Dkt. No. 107) is GRANTED IN PART.**

Plaintiffs' move moves to exclude photographs of Perez's bloody clothes and hospital stay, awards, accolades, commendations, and workers' compensation leave. Plaintiffs argue that pursuant to FRE 401, 402, and 403, the evidence lacks relevance to the use of force and/or unduly prejudicial to Plaintiffs.

Upon consideration of the parties' moving briefs, the Court GRANTS the Motion IN PART. Perez's awards, accolades, and commendations are irrelevant to the elements of the claim against him and irrelevant to any failure to train. Any limited probative value is far outweighed by the prejudice of this evidence, particularly as it may cause the jury to render a verdict based upon its assessment of Perez as an officer rather than his conduct in this incident. Evidence of the injuries he sustained at the hands of the decedent are relevant to the justification for the force used. The probative value of the photographs is not outweighed by prejudice as the photographs are not particularly graphic or numerous. The probative value of the workers compensation leave is not outweighed by prejudice as it appears that the evidence is quite limited and not inflammatory. Defendants advised that they plan to present limited evidence that he took some months off from work and was placed on lighter duty; this will be permitted.

**H. Plaintiffs' Motion *in Limine* No. 4 (Dkt. No. 108) is DENIED.**

Plaintiffs' move to exclude or limit testimony from Swathi Kode on the basis that Kode's testimony on the performed scene reconstructions would be duplicate and cumulative of the testimony of Rod Englert, another of Defendants' experts. As such, Plaintiffs claim Kode's testimony would constitute a waste of judicial resources and the jury's time.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion. Defendants are entitled to call multiple experts, and it does not appear that the testimony of the two experts will take up an undue amount of time such as to trigger Rule 403's prohibition on evidence that represents an undue consumption of time. Furthermore, the Court intends to set strict time limits for both parties, which will further ensure that the parties use their time effectively and efficiently.

/ / /

/ / /

## IV. Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Defendants' Motion *in limine* No. 1, Dkt. No. 102, is DENIED IN PART;
2. Defendants' Motion *in limine* No. 2, Dkt. No. 104, is DENIED;
3. Defendants' Motion *in limine* No. 3, Dkt. No. 103, is DENIED;
4. Defendants' Motion *in limine* No. 4, Dkt. No. 113, is GRANTED;
5. Plaintiffs' Motion *in limine* No. 1, Dkt. No. 105, is GRANTED;
6. Plaintiffs' Motion *in limine* No. 2, Dkt. No. 106, is GRANTED;
7. Plaintiffs' Motion *in limine*, No. 3, Dkt. No. 107, is GRANTED IN PART;
8. Plaintiffs' Motion *in limine* No. 4, Dkt. No. 108, is DENIED; and
9. The parties are invited to meet and confer to reach a stipulation on a limited presentation of evidence on Monroy's prior bad acts and his mental illness; otherwise, evidence on both remains excluded.

IT IS SO ORDERED.

Dated: November 21, 2025

MAAME EWUSI–MENSAH FRIMPONG

United States District Judge